O

# United States District Court
# Central District of California

| | |
|---|---|
| NOEMI BAEZA,<br><br>              Plaintiff,<br><br>     v.<br><br>ASSISTED CREDIT SERVICES, INC.;<br>MEDICAL CLAIM MANAGEMENT;<br>and DOES 1–10, inclusive,<br><br>              Defendants. | Case No. 8:15-cv-01451-ODW (JCG)<br><br>**ORDER STRIKING DEFENDANT ASSISTED CREDIT SERVICES, INC.'S ANSWER AND ENTERING DEFAULT AGAINST ASSISTED CREDIT SERVICES [10, 33]** |

On December 15, 2015, Assisted Credit's counsel, Edward T. Weber, filed a Motion to Withdraw as counsel of record for Assisted Credit. (Mot. to Withdraw, ECF No. 25.) According to Weber, after Assisted Credit retained him and subsequent to the filing of Defendant's Answer, Assisted Credit terminated their attorney-client relationship. (Weber Decl. ¶¶ 2–3, ECF No. 25.) This Court, with good cause appearing, granted Weber's Motion and allowed counsel to withdraw (Order Granting Withdrawal 5, ECF No. 29.), despite the fact that Assisted Credit would be without counsel and thus in violation of both local rules and statute. *See* C.D. Cal. R. 83–2.2.2 ("Only individuals may represent themselves pro se. No organization or entity of any

other kind (including corporations, …) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83–2. 1.”); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

The Court, therefore, rescheduled the impending scheduling conference and ordered Assisted Credit to obtain new counsel by February 14, 2016.  (Order Granting Withdrawal 5.)   The Court also cautioned Defendant that, should it fail to secure counsel, the action could be dismissed or default judgment may be entered.   (*Id.*) Assisted Credit failed to obtain counsel by the ordered deadline and, to date, remains unrepresented.  (Mot. 2–3.)

As part of a court's inherent equitable powers, a court may strike an answer and enter default, and even default judgment, against a party as a sanction.   *See, e.g.*, *Dreith v. NuImage, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (per curiam).   Before doing so, however, a court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Adriana Int'l*, 913 F.2d at 1412.

Here, the Court finds that the public interest in expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of striking Assisted Credit's Answer and entering default.   The claims against Assisted Credit cannot move forward without new counsel, and Assisted Credit has been given ample time to find counsel.   Not only did Assisted Credits's former counsel advise his client

1  repeatedly of the representation requirement before seeking to withdraw, but this
2  Court afforded Assisted Credit additional time to seek counsel after withdrawal.

3        The Court also finds that Assisted Credit's failure to obtain new counsel has
4  prejudiced Plaintiff Baeza by not only delaying this litigation, but making it
5  impossible for her to obtain a decision on the merits.  Less drastic sanctions are
6  simply not available.  While the public policy favoring disposition of the case on its
7  merits will always cut against striking the answer and entering default, the four other
8  factors strongly support the result.

9        For these reasons, the Court *sua sponte* **STRIKES** Assisted Credit's Answer.
10  (ECF No. 10.)  The Court also **ENTERS DEFAULT** against Assisted Credit.  While
11  Plaintiff has already filed a Motion for Default Judgment (ECF No. 31), the Court
12  finds that Motion premature and requests that Plaintiff **refile the Motion on or before**
13  **May 16, 2016**.  The Court will then take the matter under submission, and no hearing
14  will be held.

15
16        **IT IS SO ORDERED.**
17
18        May 5, 2016
19
20  _____
21                 **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**
22
23
24
25
26
27
28